**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 25-CR-090 (RC) |
| | ) | |
| MAURO ALBERTO NUNEZ OJEDA, | ) | |
| also known as "Jondo," | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATEMENT OF STIPULATED FACTS

The statement of facts does not purport to include all the Defendant's illegal conduct during the charged offense, nor is it intended to represent all the Defendant's relevant conduct for sentencing purposes. The statement of facts does not constitute an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his conspirators. It instead represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

1. Beginning in or about January 2014, and continuing until at least April 2025, in Mexico, Costa Rica, Ecuador, the United States, and elsewhere, the Defendant was a member of a conspiracy, the object of which was to manufacture and distribute five kilograms or more of cocaine, intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, and 963.

2. During the course and in furtherance of the conspiracy, the Defendant admits that he worked closely with high-ranking members of the Sinaloa Cartel, a drug trafficking

organization ("DTO") comprised of an affiliation of drug traffickers and money launderers located in multiple parts of Mexico but primarily based in the Mexican state of Sinaloa.

3. The Defendant is aware that the Sinaloa Cartel is a violent Mexican criminal organization engaged in manufacturing, distributing, and importing large quantities of cocaine and other drugs into the United States, among other illegal activities. The Defendant is further aware that the Sinaloa Cartel is comprised of several factions that work together to control territory, transport cocaine and other drugs to the border for importation to the United States and invest in shipments of cocaine sourced from multiple South and Central American countries.

4. The Defendant admits that, between approximately January 2014 and April 2025, he worked with drug traffickers in the Sinaloa Cartel to distribute narcotics, including cocaine, throughout Mexico for importation into the United States. The Defendant was aware that the narcotics he transported on behalf of the Sinaloa Cartel were further distributed by various transportation methods, such as trucks, cars, and planes, north for eventual importation to the United States. The Defendant's duties included, but were not limited to:

    a. Serving as armed security and secretary to multiple high-ranking Sinaloa Cartel figures, which included facilitating radio and other communications between senior personnel and members of the cartel engaged in security, trafficking, and transportation-related activities in furtherance of the Sinaloa Cartel's operations;

    b. Training as a pilot to fly private aircraft and helicopters for use in Sinaloa Cartel operations;

    c. Overseeing the operation of a fleet of aircraft and personnel on behalf of the Sinaloa Cartel, including mechanics, pilots, and maintenance workers servicing aircraft owned or operated by the Sinaloa Cartel;

d. Piloting multi-hundred-kilogram shipments of cocaine from various locations outside of Mexico into Mexico, where it was further transported northbound for illegal importation into the United States;

e. Piloting senior members of the Sinaloa Cartel to and from various locations throughout Sinaloa and elsewhere for meetings coordinating the drug trafficking operations of the Sinaloa Cartel and to avoid capture by law enforcement or military operations; and

f. Transporting via aircraft weapons shipments to various Sinaloa Cartel associates engaged in armed conflict with rival cartel members and warring sub-groups within the Sinaloa Cartel.

5. Specifically, on or about 2014, the Defendant worked as a secretary and armed security for Oscar Medina Noe Gonzalez ("Noe Gonzalez"), a senior Sinaloa Cartel associate known as "Panu," before transitioning to work directly for Sinaloa Cartel leader, Ivan Archivaldo Guzman Salazar ("Guzman Salazar"). In addition to serving as a gunman for the Cartel leadership, the Defendant was responsible for maintaining radios and communications for Noe Gonzalez and Guzman Salazar.

6. In approximately late 2014, the Defendant began flying Sinaloa Cartel leadership to various locations in Sinaloa, a role that eventually grew into transporting other Sinaloa Cartel associates, weapons, communications equipment, and narcotics to the many airfields and private airstrips throughout Sinaloa and elsewhere.

7. During this timeframe, the Defendant received various aircraft, including Caravans, Pipers, King Air, Cessna 206s, and other small private aircraft, with instructions to transport or ferry whatever cargo was needed from points in and around Culiacan, Sinaloa, to various locations

in and around Sinaloa and larger Mexico. The Defendant coordinated the flight plans, pilots, and ground personnel from the points of departure and these duties often, but not always, extended to coordinating the details on the ground at the receiving location.

8.  During this timeframe, the Defendant personally transported numerous shipments of cocaine at Guzman Salazar's direction. For example, in 2017, the Defendant piloted one of the cartel's aircraft from Mexico to an airstrip in Costa Rica for approximately 400 kilograms of cocaine awaiting pickup. The Defendant flew the cocaine back to Culiacan, Sinaloa, where it was unloaded by men working for another senior Sinaloa Cartel member for further distribution and eventual importation to the United States. The Defendant received approximately $200,000 in U.S. currency for making this trip.

9.  After 2017, the Defendant, acting at the direction of Guzman Salazar or other Sinaloa Cartel senior members, piloted numerous flights to transport multi-hundred to thousand-kilogram quantities of cocaine from various locations inside and outside Mexico, including Ecuador, to locations in Sinaloa and throughout Mexico. The Defendant knew that the cocaine shipments that he piloted during these flights were being distributed by members of the Sinaloa Cartel for illegal importation into the United States.

10.  The Defendant admits that during the charged conspiracy he used the passport of his cousin, Mauro Alberto Nunez Ojeda, during travel in and around Mexico, as well as the United States.

11.  The Defendant admits that he supervised more than five other co-conspirators who participated in the criminal conspiracy.

12.  The Defendant admits that the total amount of controlled substances involved in this conspiracy that is directly attributable to him greatly exceeded 450 kilograms of cocaine.

13.    The Defendant admits that he knew the cocaine would be illegally imported into the United States for further distribution.

14.    The Defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3238.

15.    The Defendant also agrees that his participation as a conspirator in the above-described acts were in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

16.    With his signature below and that of his counsel, the Defendant agrees that he has fully adopted this statement of facts as his own statement.  The Defendant is adopting this statement of facts because it is a true and correct summary of the Defendant's own conduct.

17.    The Defendant is pleading guilty because the Defendant is in fact guilty.

Respectfully submitted,

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

Date: 4/9/2026

By: _____
Michael N. Lang
Jayce Born
Kirk Handrich
Trial Attorneys

Approved by:

Date: 4/8/26

By: _____
KAITLIN J. SAHNI
Acting Chief
Narcotic and Dangerous Unit
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
U.S. Department of Justice

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed this Statement of Facts with the assistance of an English-Spanish interpreter, and have discussed it at length with my attorney, Jonathan Savella, Esq. This Statement of Facts has been translated into Spanish for me. I understand that the English version controls. I fully understand this Statement of Facts and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Facts fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the accompanying Plea Agreement dated April 9, 2026. I am satisfied with the legal services provided by my attorney in connection with this Statement of Facts, the accompanying Plea Agreement, and all matters related to it.

_Mauro Alberto nuñez ojeda_       _4/9/26_
MAURO ALBERTO NUNEZ OJEDA,      Date
aka ALEJANDRO OJEDA AVILA
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, through an English-Spanish interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Statement of Facts with the Defendant. The Defendant is agreeing to this Statement of Facts voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_Jonathan Savella_      _4/9/26_
JONATHAN SAVELLA      Date
Attorney for Defendant

7